NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT EARL BIGGS,

Defendant - Appellant.

No. 24-2091

D.C. No.
1:22-cr-00130-SPW-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 28, 2025**
Seattle, Washington

Before: McKEOWN, GOULD, and OWENS, Circuit Judges.

Robert Earl Biggs appeals from the district court's denial of his motion to

suppress statements he made to police and evidence seized from his hotel room,

which he argues were obtained in violation of the Fourth and Fifth Amendments.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's conclusions of law regarding a motion to suppress de novo, and its factual determinations for clear error. *United States v. McCarty*, 648 F.3d 820, 824 (9th Cir. 2011). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. The police acted with probable cause and under exigent circumstances when they entered Biggs's hotel room and seized him without a warrant. *See United States v. Brooks*, 367 F.3d 1128, 1133 (9th Cir. 2004) (summarizing legal requirements for warrantless searches and seizures). First, the substantial and consistent information that police obtained from a reliable informant, the hotel clerk, and two of Biggs's alleged runners—both of whom were found in possession of drugs and drug distribution paraphernalia—made it fairly probable that Biggs possessed controlled substances in his hotel room. *Id.* at 1134 ("[P]robable cause does not require a certainty, only a fair probability or a substantial chance that criminal activity took place.").

Second, exigent circumstances—specifically, "[p]reventing the imminent destruction of evidence"—made the warrantless entry objectively reasonable under the Fourth Amendment. *United States v. Iwai*, 930 F.3d 1141, 1144 (9th Cir. 2019). The record clearly establishes that Biggs opened his hotel room door just long enough to see police searching his vehicle and speaking with one of his runners before retreating inside. Under these circumstances, officers reasonably

feared that Biggs would destroy evidence of his criminal activity before they could obtain a warrant to search the hotel room. *See United States v. McLaughlin*, 525 F.2d 517, 521 (9th Cir. 1975) (holding "substantial risk that evidence would be removed or destroyed" justified entry once suspects "discover[ed] that they were under surveillance"); *Iwai*, 930 F.3d at 1145 (holding exigent circumstances arose in part because officers suspected the destruction of evidence upon seeing defendant retreat into his home). Thus, police did not violate the Fourth Amendment when they entered and seized Biggs from his hotel room.

2. Biggs waived his *Miranda* rights by speaking with officers after receiving the appropriate warning. A "waiver of *Miranda* rights may be implied through 'the defendant's silence, coupled with an understanding of his rights and a course of conduct indicating waiver.'" *Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010) (citing *North Carolina v. Butler*, 441 U.S. 369, 373 (1979)). Here, Detective Hallam *Mirandized* Biggs, confirmed Biggs's understanding of his rights, and summarized the investigation into Biggs's drug distribution. Biggs then stated his desire to cooperate with police. When Detective Hallam's questioning began about five minutes later, Biggs answered his questions. The district court did not clearly err in holding that Biggs's course of conduct indicated waiver and thus his

statements to Detective Hallam need not be suppressed.[1]

3. Biggs did not unambiguously invoke his right to counsel. Law enforcement must cease questioning a suspect who has clearly asserted his right to counsel. *Miranda v. Arizona*, 384 U.S. 436, 473–74 (1966). But to trigger this protection, a suspect's invocation of his right to counsel "must [be] unambiguous[] . . . ." *Davis v. United States*, 512 U.S. 452, 459 (1994). Here, the district court concluded that an ordinary person would interpret Biggs's statements—"[W]hat about an attorney? Would an attorney be better?"—as seeking advice on whether he should have an attorney present, not as unambiguously asking for one. We agree that a "reasonable officer . . . would have understood only that [Biggs] *might* be invoking [his] right to counsel," and thus Detective Hallam was not required by the Fifth Amendment to cease his interrogation. *Id*.

4. Lastly, the officers' brief entries into Biggs's hotel room to secure the premises and retrieve Biggs's companion's belongings (at her request) were not searches requiring a warrant under the Fourth Amendment. *See United States v. Jones*, 565 U.S. 400, 408 n.5 (2012) ("Trespass alone does not qualify [as a search], but there must be conjoined with that . . . an attempt to find something or

---

[1] Biggs also argues the search warrant that police later obtained for his hotel room would lack probable cause if his statements to Detective Hallam were suppressed. Because we hold that these statements were legally obtained, however, Biggs's challenge to the search warrant also fails.

to obtain information."); *Maryland v. Buie*, 494 U.S. 325, 334-35 (1990) (recognizing that certain quick and limited protective sweeps of premises do not require a warrant under the Fourth Amendment). And even if they were, Biggs failed to point to any evidence obtained during those entries for this court to suppress. Thus, his motion to suppress based on those entries was correctly denied.

**AFFIRMED**.